UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SHARIFFE VAUGHN, | Case No.: 18-cv-2098-JAH-MDD |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| CORRECTIONAL OFFICER A. PARKER, | |
| Defendant. | **[ECF No. 45]** |

Plaintiff Shariffe Vaughn, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). On August 1, 2019, Defendant Correctional Officer A. Parker ("Defendant") filed a motion for summary judgment. (ECF No. 37). Plaintiff opposes the motion and seeks to file evidence supporting his opposition under seal. (ECF Nos. 44, 45). Defendant avers that the supporting evidence submitted should not be filed under seal (ECF No. 48) and Plaintiff replied (ECF No. 49). For the reasons stated herein, the Court **DENIES** Plaintiff's motion to file documents under seal.

### I. <u>LEGAL STANDARD</u>

Courts have historically recognized a "general right to inspect and copy records and documents, including judicial records and documents." *Nixon v.*

*Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

When a party moves to file under seal a motion or documents attached to a motion, the focus is on the underlying motion and whether it is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. If the motion is more than tangentially related to the merits, like here, the movant must show compelling reasons for overcoming the presumption in favor of public access. *See id.* at 1096-99.

Generally, a party seeking to seal a judicial record can overcome the presumption in favor of access by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178 (citations omitted) (internal quotations marks omitted). "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety*, 809 F.3d at

1097 (quoting *Nixon*, 435 U.S. at 599).

## II. <u>ANALYSIS</u>

Plaintiff seeks to seal several inmate declarations in support of his opposition to Defendant's motion for summary judgment for "considerations of confidentiality and individual safety." (ECF Nos. 45 at 2, 45-1 at 1). Plaintiff explains that "publishing confidential information in a prison context" subjects inmates to potential "retribution," "negatively affect[ing] the[ir] well-being," and will "dissuade others from reporting wrongdoing by correctional officers." (ECF No. 49 at 2). Plaintiff claims that "hundreds of years of human history . . . demonstrate[ing] the cruelty of prison staff against prisoners" supports his assertions of potential retribution, dissuasion of others from reporting wrongdoing, and threat to the inmates' well-being. (*Id.* at 3). Defendant opposes sealing the declarations, arguing Plaintiff fails to meet the compelling reasons standard. (ECF No. 48 at 4).

As indicated previously, the movant must "articulate reasons supported by specific factual findings" to warrant sealing supporting declarations related to a dispositive motion, such as a motion for summary judgment. *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted). Here, there are insufficient facts to support the alleged harm. As presented to the Court, Plaintiff's concerns regarding retaliation, retribution, or dissuasion of others from reporting wrongdoing is speculation. The Court must rule on motions to seal "without relying on hypothesis or conjecture." *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Accordingly, Plaintiff does not meet the compelling reasons standard.

## III. <u>CONCLUSION</u>

Based on the foregoing, the Court **DENIES** Plaintiff's motion to seal documents. (ECF No. 45). If Plaintiff decides to use the declarations as

supporting evidence for the opposition to Defendant's motion for summary judgment, Plaintiff must file them on the docket on or before **September 20, 2019**.

**IT IS SO ORDERED**.

Dated: September 12, 2019

*[signature]*
Hon. Mitchell D. Dembin
United States Magistrate Judge