UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIFFE VAUGHN,<br><br>Plaintiff,<br><br>v.<br><br>A. PARKER, Correctional Officer,<br><br>Defendant. | Case No.: 18cv2098-JAH-MDD<br><br>**ORDER DENYING EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER**<br><br>[ECF No. 58] |

On September 26, 2019, Defendant A. Parker moved for a sixty-day continuance of the September 30, 2019 expert discovery cut-off date for the limited purpose of deposing each party's experts in this matter. (ECF No. 58). Plaintiff does not oppose the motion. (*See* Docket).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendant contends good cause exists to extend the deadline because the parties could "evaluate the need and/or scope of costly expert depositions, and/or pursue settlement discussions" after the Court rules on the pending

motion for summary judgment. (ECF No. 58 at 2). Defendant contends he has been diligent because the instant motion was filed "before the September 30, 2019 expert cut-off." (*Id*. at 2). Defendant concedes, however, that to date, no deposition notices have been served. (*Id*.).

The Court finds that Defendant has not demonstrated good cause or diligence. The parties have known since the Court's April 26, 2019 Order that the pretrial motions deadline and expert discovery completion date are September 30, 2019. (ECF No. 19). No good cause is provided for failing to notice the depositions of the parties' experts in advance of the expert discovery completion date. (*See* ECF No. 58). The fact that a motion for summary judgment is pending is not good cause. Accordingly, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 27, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge